COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400

Daniel G. Dowd (012115)
Email: ddowd@CDQLaw.com
Rebecca van Doren (019379)
Email: rvandoren@CDQLaw.com
Lisa R. Papsin (034075)
Email: lpapsin@CDQLaw.com
   Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew F. Green, | Case No: 2:18-cv-04665-SMB |
| Plaintiff, | |
| vs. | **REPLY IN SUPPORT OF MOTION TO DISMISS** |
| The Arizona Board of Regents; the Arizona State University Dean of Students; James Rund; Craig Allen; O. Tafari Osayande; Melissa Samuelson; Becky Herbst; Lisa Hudson; Michael Mader; John and Jane Does I-V; ABC Companies I-V; and Black and White Corporations and/or Partnerships I-V. | (Assigned to the Honorable Susan M. Brnovich) **(Oral Argument Requested)** |
| Defendants. | |

Defendants James Rund, Craig Allen, O. Tafari Osayande, Melissa Samuelson, and Becky Herbst (collectively, the "Individual Defendants") and the Arizona Board of Regents ("ABOR") moved to dismiss the Complaint filed by Plaintiff Matthew F. Green pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to satisfy the most basic requirement for an adequate pleading: the allegations of facts sufficient to provide notice to Defendants of the basis for plausible claims being asserted against them. The Motion further established that

Plaintiff's Notice of Claim, a jurisdictional prerequisite for the assertion of state law claims seeking damages against public entities and employees, was untimely and substantively deficient, and that punitive damages are not available.

Plaintiff's Response does not address any of these fatal defects. Rather than provide any basis for denying the Motion, Plaintiff opted instead for an adjective-laden attack on Defendants, falsely alleging that 1) Defendants failed to comply with LR Civ. 12.1(c) and the Court's December 18, 2018 Order because they did not meet and confer with Plaintiff; and 2) Defendants' removal of this matter to federal court and filing of a Motion to Dismiss rather than an Answer was somehow improper. Respectfully, Plaintiff's positions are so devoid of merit and so divorced from reality that they cannot have been taken in good faith or with any realistic or competent review of the facts, law or rules.[1]

The Court should dismiss Plaintiff's Complaint. Plaintiff's Response effectively concedes that Plaintiff has failed to state a claim on which relief can be granted, and demonstrates beyond any legitimate doubt that Plaintiff is either unwilling to or incapable of filing a compliant pleading. Given Plaintiff's cavalier approach, dismissal should be with prejudice. If the Court is somehow inclined to give Plaintiff an opportunity to amend his Complaint, it should be limited to claims asserted under federal law because no amendment can cure Plaintiff's failure to serve a timely and adequate Notice of Claim.

**1.      Plaintiff Does Not Legitimately Dispute That His Complaint Is Fatally Deficient.**

As explained in the Motion, Plaintiff's 5-page, 21-paragraph Complaint does not meet even the minimum standards for notice pleading. It does not identify the wrongful conduct in which any Defendant is alleged to have engaged or set forth facts that would support the elements of any of the claims listed. Further, Plaintiff's state law claims were not preceded by compliance with A.R.S. § 12-821.01, because his Notice of Claim was first served at least 2 days past the applicable deadline and did not include "facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed." And, the

---

[1] Defendants intend to separately address Plaintiff's violations of Fed. R. Civ. P. 11.

Complaint seeks punitive damages that are both barred by statute, and not available based on the facts alleged.

Plaintiff's Response does not refute even one of Defendants' arguments or a single legal authority Defendants cited. Plaintiff effectively concedes that Defendants' Motion should be granted. *See Hallmark Indus. v. Truseal Techs., Inc.*, No. CV-12-420-TUC-JGZ, 2012 WL 12941118, at *1 (D. Ariz. Sept. 26, 2012) (granting motion to dismiss, holding that "[b]are contentions, unsupported by explanation or authority, are deemed waived.") (*citing Aspenlind v. Spartan Mortg. Servs.*, 2011 WL 3490480, *2 (E.D. Cal. 2011) (collecting cases)). As this Court noted in *Hallmark Indus.*, "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority … forfeits the point. We will not do his research for him." *Id.* (*quoting Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990)). *See also Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 984 (N.D. Cal. 2014) ("Plaintiff failed to address these arguments in his opposition brief, and therefore conceded these claims."); *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009), aff'd, 646 F.3d 1240 (9th Cir. 2011) ("Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived.").

Plaintiff's sole defense of his Complaint is the conclusory pronouncement that it "specified enough facts to state a claim for relief against the named defendants." [Response, p. 1.] However, he makes no effort to support this assertion with facts or law or to explain how the Complaint satisfies the pleading rules. Plaintiff further alleges that he "filed a Notice of Claim against all known parties to the disciplinary proceedings" [Response, p. 2] but does not respond to the arguments or legal authority set forth in the Motion demonstrating that the Notice was substantively deficient and untimely. These allegations are therefore insufficient to defeat Defendants' Motion.

Plaintiff's contention that "Defendants each and all have severely and permanently damaged Mr. Green" [Response, p. 3] is not only irrelevant to the arguments in the Motion, it is unsupported by a single allegation in the Complaint. To the contrary, the Complaint asserts that 1) Plaintiff received notice that he was being expelled because of a complaint

3

against him brought by another student; 2) Plaintiff appealed the expulsion decision and was given a hearing; 3) Plaintiff was represented by counsel and had the opportunity to be heard at the hearing; and 4) following the hearing, the University decided to uphold the expulsion decision. [Complaint, ¶¶ 15, 16, 18.]  Plaintiff's disagreement with the outcome does not, standing alone, create a cause of action against Defendants in this Court.[2]

Similarly, Plaintiff's allegation with respect to the "harm" he would supposedly suffer if his Complaint is dismissed [Response, p. 3] is a diversionary tactic that is not a substitute for proper pleading.  Nor is it a pertinent response to the arguments and legal authority cited in Defendants' Motion.  The Motion to Dismiss is effectively unopposed, and should therefore be granted.

**2.     Plaintiff's Allegation That Defendants Did Not Satisfy The Meet and Confer Obligation Is Demonstrably False.**

Most of Plaintiff's Response is an attack on Defendants for allegedly failing to comply with the meet and confer obligation set forth in LR Civ. 12.1(c) and the Court's December 18, 2018 Order.  Plaintiff does not mention (because it eviscerates his contentions) Defendants' Certification of Attempts to Confer re Motion to Dismiss ("Certification"), filed concurrently with their Motion.  In the Certification, Defendants set forth multiple efforts (by letter, email and phone) by undersigned counsel to make contact with counsel for Plaintiff prior to filing the Motion.  Plaintiff's characterization of these

---

[2]   If Plaintiff's position is that the decision was not supported by substantial evidence, his sole avenue for appeal was an administrative review action pursuant to A.R.S. § 12-901 *et seq*. Plaintiff's administrative review action has been dismissed, and he cannot now relitigate it in this Court. *See, e.g., Guertin v. Pinal Cnty.*, 178 Ariz. 610, 612, 875 P.2d 843, 845 (App. 1994) (precluding relitigation of wrongful discharge claim in tort action where "[t]he issue of the wrongfulness of Guertin's discharge was raised in the administrative proceeding, he was provided a full and fair opportunity to litigate the issue, there was a valid and final decision on the merits, and there is a common identity of parties."); *Olson v. Morris*, 188 F.3d 1083 (9th Cir. 1999) (holding that administrative *res judicata* precluded plaintiff from relitigating plaintiff's challenge to a licensing board's decision in an action brought under 42 U.S.C. § 1983)).

4

events as Defendants' failure to comply with the meet and confer obligation is not only inaccurate, it is a deliberate attempt to mislead this Court.[3]

First, Plaintiff ignores that Defendants requested a meet and confer a week in advance of the deadline to file their Motion to Dismiss. On December 13, 2018, Defendants sent counsel for Plaintiff, Dana Hogle, a letter detailing the deficiencies in the Complaint on which Defendants' anticipated Motion to Dismiss would be based. The letter requested that Mr. Hogle participate in a telephone conference to discuss whether the Complaint could be amended to remedy the deficiencies. The letter specifically stated that, absent Plaintiff's withdrawal or amendment of the Complaint, the Motion to Dismiss would be filed on December 20, 2018. [*See* Letter dated December 13, 2018 from Daniel G. Dowd and Rebecca van Doren to Dana Hogle, attached as Exhibit 1, p. 9.] Mr. Hogle did not respond.

Plaintiff next misrepresents Defendants' December 18, 2018 email as Defendants' first request for a pre-Motion meet and confer. [Response, p. 2.] That email, however, specifically stated that Defendants were following up on the letter delivered on December 13. [*See* Response, Exhibit C (Doc. 11-3).] Plaintiff does not deny that Mr. Hogle never responded to the email, not even to seek additional time for the meet and confer if the short time remaining was, in fact, a concern as Plaintiff now asserts. Plaintiff further fails to even acknowledge that counsel for Defendants then called the Hogle Law Firm on December 19, 2018 in a last effort to discuss the Motion to Dismiss with Mr. Hogle before filing it.

---

[3] Plaintiff repeatedly suggests that it was somehow improper for Defendants to obtain an extension to respond to the Complaint while it was still pending in state court, and then to remove to this Court and then move to dismiss rather than filing an Answer. [Response, p. 2 ("Defendants' failed to file a response to Plaintiff's Complaint as promised and agreed upon."); p. 3 ("Defendants have still not answered Plaintiff's Complaint as required by Fed. R. Civ. P. 81(c)(2) and as they had agreed.").] This assertion is false. Defendants did not "promise" anything to Plaintiff; they merely sought a single response deadline for all of the Defendants, because Plaintiff had served different Defendants on different dates. Nothing in the communications Plaintiff cites constitutes a waiver of Defendants' rights to remove the Complaint to this Court or to move to dismiss rather than filing an Answer.

Although the receptionist promised to convey the message, Mr. Hogle did not return the call.[4]

Moreover, Plaintiff fails to explain to this Court how he was harmed by not having discussed the Complaint with Defendants (through his own inaction in ignoring the Defendants' December 13 letter, December 18 email, and December 19 call) before the Motion to Dismiss was filed.  His contention that he is "expressly unable to comply with LRCiv 15.1 due to Defendants' failure to properly confer with Plaintiff to be able to submit a proposed amendment" [Response, p. 3] is nonsensical.  The meet and confer requirement has nothing to do with Plaintiff's ability to amend the Complaint; its purpose is for the Court to avoid addressing a Motion to Dismiss where the parties agree that the defect can be cured by a permissible amendment.  *See, e.g.*, *Pollitt v. Casa Grande Union High Sch. Dist. No. 82*, No. CV-13-00383-TUC-JGZ, 2014 WL 12681604, at *5 (D. Ariz. May 13, 2014).  Nothing in LRCiv 12.1, LRCiv. 15.1, or this Court's Order makes Plaintiff's ability to amend contingent on a meeting with Defendants.  Indeed, Fed. R. Civ. P. 15(a) gives Plaintiff the right to amend his Complaint "as a matter of course" so long as he does so within 21 days after a responsive pleading or a Motion to Dismiss is filed.[5]

Moreover, any suggestion that Plaintiff could not amend because he was somehow unaware of the deficiencies in his Complaint must be rejected for two reasons.  First, Defendants spelled out the deficiencies in their 9-page letter of December 13, 2018, which Plaintiff does not deny receiving.  That letter listed every defect that later formed the basis for Defendants' Motion.  [*See* Exhibit 1.]  Second, most of the defects in the Complaint should have been obvious to any competent attorney who complied with his obligations to

---

[4] To date, Mr. Hogle has never communicated with counsel for Defendants.  The few times counsel for Defendants have communicated with the Hogle Law Firm, they spoke to an employee named Christopher Stapley.  Mr. Stapley represented that he is an attorney but is not licensed to practice in Arizona.

[5] Plaintiff cites Fed. R. Civ. P. 61, the harmless error rule, apparently for the backward proposition that the Court should enforce its December 18, 2018 meet and confer order because he will supposedly be harmed if it does not.  [Response, p. 3.]  Rule 61 does not apply here, as there has been no error by Defendants or this Court.  As the Certification establishes, Defendants fully complied with the Court's Order.

perform the reasonable inquiry required by Fed. R. Civ. P. 11(b) and Ariz. R. Civ. P. 11(b). For example, Plaintiff cannot have believed that he was stating a claim against Defendants Allen, Osayande, Herbst, or Samuelson when the Complaint does not even mention any of these individuals other than to state who they are.  Similarly, Plaintiff cannot have believed it was appropriate to identify an administrative review action to which he was not a party as his own or to crib language from a separate lawsuit that has nothing to do with this action. Plaintiff should have affirmatively amended his Complaint to address these glaring defects without needing Defendants to point them out to him. *See Woodfork By & Through Houston v. Gavin*, 105 F.R.D. 100, 104 (N.D. Miss. 1985) (holding that Rule 11 "obligates an attorney who signs a document not only to conduct a reasonable investigation into the facts before filing, but also to continually review, examine, and re-evaluate his position as the facts of the case come to light").  Plaintiff has done nothing in response to Defendants' detailed letter and Motion to Dismiss other than to engage in *ad hominem* attack and offer bizarre – but empty – excuses.

**3.     Conclusion.**

Plaintiff's Response offers no plausible basis for denying Defendants' Motion to Dismiss.  He does not respond to any of the arguments or legal authority cited in the Motion.  Plaintiff's strategy of accusing Defendants of failing to engage in the meet and confer process is misplaced, based on multiple false assertions, and distorts the purpose of the meet and confer requirement.  Defendants' Motion to Dismiss should be granted, and Defendants awarded their attorneys' fees pursuant to A.R.S. § 12-341.01.

RESPECTFULLY SUBMITTED this 17th day of January, 2019.

>    COHEN DOWD QUIGLEY
>    The Camelback Esplanade One
>    2425 East Camelback Road, Suite 1100
>    Phoenix, Arizona 85016
>        Attorneys for Defendants
>
>    By:    */s/ Rebecca van Doren*
>        Daniel G. Dowd
>        Rebecca van Doren
>        Lisa R. Papsin

7

## **CERTIFICATE OF SERVICE**

I certify that on January 17, 2019, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>Dana R. Hogle
>Nathan J. Hogle
>J. Thomas Hogle
>**THE HOGLE FIRM**
>1013 South Stapley Drive
>Mesa, Arizona  85204
>Email: PiTeam@thehoglefirm.com


 */s/ Rebecca van Doren*
Rebecca van Doren



COHEN DOWD QUIGLEY

8