COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone 602•252•8400

Daniel G. Dowd (012115)
Email: ddowd@CDQLaw.com
Rebecca van Doren (019379)
Email: rvandoren@CDQLaw.com
Lisa R. Papsin (034075)
Email: lpapsin@CDQLaw.com
   Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Matthew F. Green,<br><br>             Plaintiff,<br><br>vs.<br><br>The Arizona Board of Regents; the Arizona State University Dean of Students; James Rund; Craig Allen; O. Tafari Osayande; Melissa Samuelson; Becky Herbst; Lisa Hudson; Michael Mader; John and Jane Does I-V; ABC Companies I-V; and Black and White Corporations and/or Partnerships I-V.<br><br>             Defendants. | Case No: 2:18-cv-04665-SMB<br><br>**DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11(c)**<br><br>(Assigned to the Honorable Susan M. Brnovich)<br><br>**(Oral Argument Requested)** |

      Defendants James Rund, Craig Allen, O. Tafari Osayande, Melissa Samuelson, and Becky Herbst (collectively, the "Individual Defendants") and the Arizona Board of Regents ("ABOR") respectfully request that the Court impose sanctions pursuant to Fed. R. Civ. P. 11(c) against Plaintiff Matthew Green and his counsel, Dana R. Hogle and the Hogle Law Firm, based on the false and baseless assertions contained in Plaintiff's Complaint (Doc. 1-3) and Plaintiff's Response to Defendants' Motion to Dismiss (Doc. 11). Defendants fully

respect the serious nature of the penalties sought in this Motion and the appropriately stringent standard for imposing sanctions under Rule 11.  However, Plaintiff and his counsel prepared and filed a Complaint without coming close to performing the reasonable factual and legal investigation that Rule 11 requires.  Rather, Plaintiff prepared the Complaint by copying factual allegations made in a complaint prepared by another attorney representing a different claimant in another matter and trying to pass off those demonstrably false allegations (as applied to Plaintiff) as Plaintiff's own.  Even after undersigned counsel challenged this false pleading, Plaintiff and his counsel refused to correct them.[1]

Although the Complaint was not originally filed in District Court, Plaintiff later endorsed and advocated the Complaint by opposing Defendants' Motion to Dismiss and taking the position that the Complaint "specified enough facts to state a claim for relief against the named defendants."  In addition, Plaintiff made other baseless representations in responding to the Motion to Dismiss, including an attempt to blame defense counsel for Plaintiff's failure to participate in a pre-motion meet and confer.  Plaintiff and his counsel's abusive, reckless and unfounded tactics underscore the reasons sanctions are available under Fed. R. Civ. P. 11(c).

**1.    Factual Background.**

The background facts pertinent to this dispute are detailed in Defendants' Motion to Dismiss filed December 20, 2018 (Doc. 6).  We summarize them here. In December 2017, Plaintiff Matthew Green was expelled from Arizona State University ("ASU" or "the University") based on findings that he committed sexual assault against another student. Plaintiff appealed the expulsion decision to the Maricopa County Superior Court pursuant to A.R.S. § 12-901, *et seq.*, Case No. LC2018-000047.  The notice of appeal was untimely, and

---

[1] Dana Hogle appears to be the lead attorney for Plaintiff, as his signature appears on each of the papers referenced in this Motion. [*See* Doc. 1-3, p. 8; Doc 11, p. 4.]  J. Thomas Hogle and Nathan Hogle are also identified as counsel for Plaintiff.  However, undersigned counsel has never communicated with these attorneys.  All communications with the Hogle Law Firm, including the required Rule 26(f) conference, were through Christopher Stapley, an employee of the Hogle Law Firm who is licensed as an attorney in Missouri, but not in Arizona. [*See* Declaration of Rebecca van Doren ("van Doren Decl."), attached as Exhibit A, ¶ 10.]

the Superior Court dismissed the action.  [*See* Order dated April 11, 2018, attached as Exhibit B.]  Plaintiff appealed the dismissal to the Arizona Court of Appeals, Case No. 1 CA-CV 18-0281 but failed to pay the required filing fee, and the appeal was deemed abandoned. [*See* Order dated July 3, 2018, attached as Exhibit C.]

On June 13, 2018, Plaintiff served on ABOR a Notice of Claim alleging unspecified wrongful conduct by ABOR and the Individual Defendants apparently arising out of the administrative hearing process that led to his expulsion.  [*See* Notice of Claim dated June 12, 2018, attached as Exhibit D.]  On October 22, 2018, Plaintiff filed the instant Complaint. As the Complaint purports to assert claims arising under federal law, including 42 U.S.C. § 1983 and 20 U.S.C. § 1681, Defendants removed the action to federal court.  [*See* Doc. 1.]

The Complaint is unfounded and could not have been prepared in good faith. Accordingly, on December 13, 2018, undersigned counsel sent a lengthy letter to Mr. Hogle detailing the bases and supporting legal authority upon which Defendants would seek dismissal and possible sanctions if the claims were not promptly withdrawn.  [van Doren Decl., ¶ 3.]  Defendants also requested a meet and confer with Mr. Hogle in compliance with L.R.Civ. 12.1(c) to review with Mr. Hogle the pleading failures and afford Plaintiff the opportunity to amend or withdraw before Defendants filed their Motion to Dismiss.  [*Id.*, ¶ 4.]  Mr. Hogle did not respond to the letter.  Defendants then reached out to Mr. Hogle by email on December 18 and by telephone on December 19 to request a conference to discuss the deficiencies in the Complaint.  [*Id.*, ¶¶ 5-6.]  No one at the Hogle Law Firm responded to any of these efforts to contact Mr. Hogle.  [*Id.*, ¶¶ 4-6.]  Accordingly, on December 20, 2018, Defendants filed their Motion to Dismiss.  [Doc. 6.]

On January 10, 2019, Plaintiff filed his Response in opposition to Defendants' Motion to Dismiss ("Response"), without ever having discussed the pleading with Defendants.  [Doc. 11; van Doren Decl., ¶ 7.]  The Response contained additional materially false allegations.  Based on Plaintiff's repeated misrepresentations to the Court, on January 30, 2019, Defendants served on Mr. Hogle a Motion for Sanctions pursuant to Fed. R. Civ. P. 11(c)(2).  [van Doren Decl., ¶ 12.]  Twenty-one days have now passed, and Plaintiff has

3

made no effort to amend or withdraw the Complaint or correct any of the false statements made to this Court. The imposition of sanctions is now appropriate.

**2.     The Complaint Does Not Comply with Rule 11 and Warrants Sanctions Against Plaintiff and His Counsel.**

**A.     Applicable Legal Standard.**

Rule 11(b), Fed. R. Civ. P., provides, *inter alia*, that by signing a paper presented to the Court, the party signing it "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support." Rule 11 applies to attorneys and parties alike. *See Patterson v. Apple Computer, Inc.*, 256 F. App'x 165, 168 (9th Cir. 2007) (affirming Rule 11 sanctions imposed against plaintiff and her counsel).

Under Rule 11, "sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (*citing Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986). The term "frivolous" denotes "a filing that is both baseless and made without a reasonable and competent inquiry" based on "the information reasonably available to the party at the time of filing." *Townsend*, 929 F.2d at 1362, 1366 n.5. Accordingly, the filing or later advocating of a complaint based on allegations that Plaintiff knew or should have known to be false is sanctionable. *See, e.g.*, *Townsend*, 929 F.2d at 1366 ("The district court's finding that the first amended complaint was filed without reasonable inquiry was justified in this case and was not an abuse of discretion."); *Cornfield v. Pickens*, No. CV-16-00924-PHX-ROS, 2017 WL 6527299, at *8 (D. Ariz. July 25, 2017) (sanctioning plaintiffs and counsel for making "baseless factual allegations"); *Barrett-Bowie v. Select Portfolio Servicing, Inc.*, 631 F. App'x 219, 220 (5th Cir. 2015) (affirming award of sanctions where

4

plaintiffs filed "pleadings containing baseless factual allegations"); *Chien v. Skystar Bio Pharm. Co.*, 256 F.R.D. 67, 74 (D. Conn. 2009), *aff'd*, 378 F. App'x 109 (2d Cir. 2010) (imposing Rule 11 sanctions where "both the original and amended complaints contained material falsehoods").

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Jones v. Sanan*, 2012 WL 715633 (D. Ariz. Mar. 6, 2012) (*quoting Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990)). In determining whether sanctions are appropriate, courts apply a standard of "objective reasonableness for determinations of frivolousness as well as of improper purpose." *Woodrum v. Woodward County, Okla.*, 866 F.2d 1121, 1127 (9th Cir. 1989). The fact that the inquiry is objective, rather than subjective, means that the Court need not inquire into Plaintiff's intentions when evaluating their baseless allegations. Accordingly, Defendants are not required to show bad faith to support their request for sanctions, and Plaintiff cannot escape sanctions by arguing good intentions. *See, e.g., In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004) (holding that Rule 11 does not require a showing of subjective bad faith); William W Schwarzer, *Sanctions Under the New Federal Rule 11-A Closer Look*, 104 F.R.D. 181, 187 (1985) ("There is no room for a pure heart, empty head defense under Rule 11.").

### B. Plaintiff's Baseless Allegations: He Prepared His Complaint By Lifting Inapplicable Paragraphs From A Complaint In An Unrelated Matter.

In addition to representing ABOR in this action, undersigned counsel also represents ABOR and other defendants in *John Doe v. ABOR et al, United States District Court*, District of Arizona, Case No. 2:18-cv-01623-DLR. [van Doren Decl., ¶ 8.] The *John Doe* case involves a different plaintiff and completely different underlying facts and events. [van Doren Decl., ¶ 8.] Upon reviewing Plaintiff's Complaint, it became immediately apparent that in preparing his Complaint, Plaintiff copied multiple completely inapplicable paragraphs from the Complaint in the *John Doe* matter. Plaintiff lifted the material from the Doe Complaint and dropped it nearly verbatim into Plaintiff's Complaint. Plaintiff made no effort to edit

the allegations so that they were consistent with or applied to the facts and circumstances of Plaintiff's situation. In fact, <u>seven</u> of the 21 paragraphs in the Green Complaint are copied virtually word-for-word from the *John Doe* Complaint:

| *John Doe* Complaint | Green Complaint |
|---|---|
| 1. In handling student conduct issues, Arizona State University ("ASU" or "University") has a duty to treat its students equitably and fairly. Where the University promises to investigate and adjudicate disciplinary matters, it must do so in accordance with its own policies and procedures, and in a way that is fair to students and comports with federal and state law. | 13. In handling student conduct issues, Arizona State University ("ASU" or "University") has a duty to treat its students equitably and fairly. Where the University promises to investigate and adjudicate disciplinary matters, it must do so in accordance with its own policies and procedures, and in a way that is fair to students and comports with federal and state law. |
| 2. Here, ASU's disciplinary process went awry. | 14. Here, ASU's disciplinary process went awry. |
| 23. Doe appealed the Senior Vice President's final decision under A.R.S. § 12-901, et seq. That action is ongoing in Maricopa County Superior Court. Doe v. Arizona Bd. of Regents, NO. LC2017-000365. Doe secured a partial stay of the expulsion sanction and was permitted to take online classes for a portion of the Spring 2018 semester. Still, Doe remains short of the credits needed for graduation—which has been delayed over 18 months—and his reputation and economic interests have been forever tarnished for the University's actions. | 20. Doe appealed the Senior Vice President's final decision under AR.S. § 12-901, et seq. That action is ongoing in Maricopa County Superior Court. Doe v. Arizona Bd. of Regents, NO. LC2017-000365. Doe secured a partial stay of the expulsion sanction and was permitted to take online classes for a portion of the Spring 2018 semester. Still, Doe remains short of the credits needed for graduation—which has been delayed over 18 months—and his reputation and economic interests have been forever tarnished for the University's actions. |
| 24. Because of ASU's unlawful and unfair conduct, Plaintiff files this action for violation of his educational and civil rights, under 42 U.S.C. § 1983 and 20 U.S.C. § 1681 (commonly known as Title IX), the Arizona Constitution, Art. 2, §§ 4, 13, and 36 and Art. 11, § 6, his rights to due process and equal protection under the U. S. and Arizona Constitutions, breach of contract, gross negligence, defamation, false light and intentional infliction of emotional distress. Plaintiff also seeks punitive damages. | 21. Because of ASU's unlawful and unfair conduct, Plaintiff files this action for violation of his educational and civil rights, under 42 U.S.C. § 1983 and 20 U.S.C. § 1681 (commonly known as Title IX), the Arizona Constitution, Art. 2, §§ 4, 13, and 36 and Art. 11, § 6, his rights to due process and equal protection under the U. S. and Arizona Constitutions, breach of contract, gross negligence, defamation, false light and intentional infliction of emotional distress. Plaintiff also seeks punitive damages. |
| 26. ABOR is the governing body of ASU. The ABOR is a jural entity that may be sued. | 2. ABOR is the governing body of ASU. The ABOR is a jural entity that may be sued. |

| | |
|---|---|
| 27. Defendant JAMES RUND is an Arizona resident, and was at all relevant times Senior Vice President of Educational Outreach and Student Services for ASU in Maricopa County, Arizona. He makes final decisions for ASU and the Board of Regents in administrative matters concerning alleged violations of the Student Code of Conduct. | 4. Defendant JAMES RUND is an Arizona resident, and was at all relevant times Senior Vice President of Educational Outreach and Student Services for ASU in Maricopa County, Arizona. He makes final decisions for ASU and the Board of Regents in administrative matters concerning alleged violations of the Student Code of Conduct. |
| 28. Defendant CRAIG ALLEN is an Arizona resident, and was at all relevant times the Chair of the UHB at ASU in Maricopa County, Arizona. He, along with other UHB panel members, hears student appeals of disciplinary decisions and sanctions issued by ASU's Dean's Review Committee and makes findings of fact and formulates disciplinary recommendations for RUND. | 5. Defendant CRAIG ALLEN is an Arizona resident, and was at all relevant times the Chair of the UHB at ASU in Maricopa County, Arizona. He, along with other UHB panel members, hears student appeals of disciplinary decisions and sanctions issued by ASU's Dean's Review Committee and makes findings of fact and formulates disciplinary recommendations for RUND. |
| 36. A timely notice of claim under A.R.S. § 12-821.01 was filed and served on each defendant as required by Arizona law. | 12. A timely notice of claim under A.R.S. § 12-821.01 was filed and served on each defendant as required by Arizona law. |

[van Doren Decl., ¶ 9.] There is no legitimate explanation for Plaintiff's conduct, which has resulted in the injection of demonstrably false and baseless allegations against Defendants in the instant action. The allegations are frivolous as applied to Plaintiff.

For example, Plaintiff's appropriation of Paragraph 23 of the *John Doe* Complaint copies even the use of the pseudonym "Doe," which does not appear elsewhere in his Complaint. Plaintiff makes allegations about his pending administrative appeal and alleged harm to his reputation, despite the fact that Plaintiff made <u>no</u> allegation with respect to his "reputation" in his Notice of Claim, his administrative appeal is <u>not</u> still pending, he did <u>not</u> secure a partial stay of the expulsion sanction and he was <u>not</u> permitted to take online classes for the Spring 2018 semester. Each assertion is baseless in this action.

Similarly, Plaintiff copied the paragraph 24 of the *John Doe* Complaint that lists the claims being asserted despite the fact that John Doe's claims are not the same as those identified in Plaintiff's Notice of Claim. The Complaint blatantly violates Rule 11 of both the Arizona and Federal Rules of Civil Procedure, as Plaintiff and his counsel cannot have

7

prepared the Complaint in good faith, following an "inquiry reasonable under the circumstances," and the factual allegations do <u>not</u> have "evidentiary support."

If the inclusion of these false allegations was somehow inadvertent (which is not plausible), Plaintiff or his counsel would have promptly corrected it once Defendants brought it to their attention. Yet neither Plaintiff nor his counsel has taken a single step to withdraw or amend the Complaint despite being repeatedly warned of the consequences for their frivolous filings. To the contrary, Plaintiff filed in this Court a Response to the Motion to Dismiss that took the position that the Complaint had merit and adequately stated claims against Defendants. The only possible conclusion from these actions is that Plaintiff and his counsel deliberately included the false allegations in the Complaint.

Although Plaintiff filed his Complaint in Arizona state court, he and his counsel are subject to sanctions under Fed. R. Civ. P. 11(c) for "later advocating" the pleading by opposing the Motion to Dismiss. *See, e.g., Buster v. Greisen*, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997) (holding that district court properly imposed Rule 11 sanctions based upon complaint filed in state court, where plaintiff had continued to urge allegations in complaint following removal) (*abrogated on other grounds by Fossen v. Blue Cross and Blue Shield of Montana, Inc.*, 660 F.3d 1102 (9th Cir. 2011)); *In re Star Gas Sec. Litig.*, 745 F. Supp. 2d 26, 39 (D. Conn. 2010) (holding that plaintiffs violated Rule 11 when they "reasserted their frivolous allegations in their opposition to Defendants' motion to dismiss and during oral argument").[2] Plaintiff and his counsel have exhibited shocking disdain and disrespect for the Court by sponsoring a Complaint riddled with factual assertions that have nothing to do with this action. Sanctions are fully appropriate here.

### C. Plaintiff Made Additional False Statements In Response to Defendants' Motion To Dismiss.

Plaintiff's Response to Defendants' Motion to Dismiss does not address a single

---

[2] The Advisory Committee Notes to the 1993 Amendment to Fed. R. Civ. P. 11 state: "[I]f after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court …, it would be viewed as 'presenting'--and hence certifying to the district court under Rule 11--those allegations."

8

deficiency that Defendants identified. Instead, after pronouncing (without explanation or support) that the Complaint "specified enough facts to state a claim for relief against the named defendants" [Response (Doc. 11), p. 1], Plaintiff devoted the remainder of the Response to an illogical attack on Defendants that contained multiple false allegations.

Plaintiff first alleged that Defendants "promised" that they would answer the Complaint in state court on December 13, 2018. [Response (Doc. 11), pp. 2, 3.] Setting aside the complete irrelevance of this assertion to the viability of the Complaint, Defendants made no such promise. Rather, Defendants asked Plaintiff to stipulate to a single response date for the Complaint because Plaintiff had served the Complaint on several defendants on different dates. [van Doren Decl., ¶ 11; Response, Exhibit 1 (Doc. 11-1).] A response, of course, includes a motion to dismiss. *See* Ariz. R. Civ. P. 12(a); Fed. R. Civ. P. 12(a). Moreover, Defendants never waived their right to remove this action to federal court.

Plaintiff next stated that Defendants sent an email on December 18, 2018 that provided "less than *two-day* requirement [sic] for Plaintiff to confer with them otherwise they would immediately file a Motion to Dismiss." [Response (Doc 11), p. 2.] Again, this assertion is false. Defendants sent Plaintiff a lengthy letter on December 13, 2018 detailing the deficiencies in the Complaint and requesting a conference to discuss those deficiencies before the December 20, 2018 deadline to respond to the Complaint.[3] [*See* van Doren Decl., ¶ 3.] Indeed, the purpose of Defendants' December 18 email was to follow up on the December 13 letter, to which Plaintiff had not responded. [*See* Response, Exhibit C (Doc. 11-3) ("I am writing to follow up on the letter delivered to you last Thursday regarding the deficiencies in Plaintiff's Complaint."); van Doren Decl., ¶ 5.]

Finally, Plaintiff stated that he is "expressly unable to comply with LRCiv 15.1 due to Defendants' failure to properly confer with Plaintiff to be able to submit a proposed amendment." [Response (Doc. 11), p. 3.] This allegation is false for two reasons. First,

---

[3] The response deadline was extended to December 20, 2018 based on the Notice of Removal having been filed on December 13, 2018. *See* Fed. R Civ. P. 81(c)(2)(C) (defendant who has not yet responded to a complaint must do so within 7 days after the notice of removal is filed).

9

LRCiv. 15.1 does not obligate Defendants to assist Plaintiff in preparing an amended complaint. That notion is nonsense.[4] Second, Plaintiff's allegation that Defendants are at fault for failing to confer with him is an intentionally false statement. Counsel for Defendants reached out to Plaintiff's counsel over and over to try to meet and confer on the deficiencies in Plaintiff's Complaint. Plaintiff's counsel <u>never</u> responded. Plaintiff's false assertion to the contrary is sanctionable.

**3.   Conclusion.**

Defendants do not make this request lightly. The actions of Plaintiff and his counsel, however, merit sanctions here, as they did not perform the most basic due diligence required to prepare and file a pleading that complies with Rule 11. Rather, they copied multiple paragraphs from another matter and falsely represented that those allegations apply to Plaintiff in this action. They then opposed the dismissal of the deficient Complaint by making multiple additional misrepresentations to this Court. This conduct cannot be condoned. Defendants therefore respectfully that this Court sanction Plaintiff and his counsel by ordering Plaintiff and his counsel to reimburse Defendants for the substantial attorneys' fees and costs Defendants have incurred in defending against and responding to Plaintiff's baseless actions.

RESPECTFULLY SUBMITTED this 6th day of March, 2019.

COHEN DOWD QUIGLEY
The Camelback Esplanade One
2425 East Camelback Road, Suite 1100
Phoenix, Arizona 85016
   Attorneys for Defendants

By:   */s/ Rebecca van Doren*
       Daniel G. Dowd
       Rebecca van Doren
       Lisa R. Papsin

---

[4] If Plaintiff had requested that Defendants consent to Plaintiff filing an Amended Complaint pursuant to LRCiv. 15.1(b), Defendants would likely have done so. But Plaintiff made no such request.

10

**CERTIFICATE OF SERVICE**

I certify that on March 6, 2019, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing. I further certify that the attached document was sent via electronic mail and U.S. Mail to the following:

> Dana R. Hogle
> J. Thomas Hogle
> **THE HOGLE FIRM**
> 1013 South Stapley Drive
> Mesa, Arizona  85204
> Email: PiTeam@thehoglefirm.com

*/s/ Rebecca van Doren*



COHEN DOWD QUIGLEY