**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Matthew F. Green,<br><br>　　　　　Plaintiff,<br>vs.<br><br>Arizona Board of Regents, et al.,<br><br>　　　　　Defendants. | No. CV-18-04665-PHX-SPL<br><br>**ORDER** |

Pending before the Court is Defendants' Motion for Sanctions pursuant to Federal Rule of Civil Procedure ("FRCP") 11(c). (Doc. 25) Having carefully reviewed the motion and response, this Court's ruling is as follows.

**I.    Background**

This case was initially filed in the Maricopa County Superior Court, and Defendants removed the case to this Court on December 13, 2018. (Doc. 1) On December 20, 2018, Defendants filed a Motion to Dismiss, arguing Plaintiff's complaint failed to state any plausible claims for relief. (Doc. 6) Defendants also submitted a notice of certification stating that they attempted to meet and confer with Plaintiff about the deficiencies in the complaint, but Plaintiff was unresponsive. (Doc. 7) Prior to responding to the Motion to Dismiss, Plaintiff filed a Motion to Amend the Complaint on January 3, 2019. (Docs. 17, 20) On January 10, 2019, Plaintiff responded to the Motion to Dismiss, arguing that the attempt to meet and confer was disingenuous because Defendants only offered Plaintiff

two days to meet before filing the motion. (Doc. 11 at 1-2)

On March 6, 2019, Defendants filed a Motion for Sanctions pursuant to FRCP 11 ("Rule 11"). (Doc. 25) Defendants argued that Plaintiff's complaint was plagiarized from a compliant in a different lawsuit and that Plaintiff made false statements in response to Defendants' Motion to Dismiss. (Doc. 25 at 8-9) Plaintiff responded on May 3, 2019, asserting that sanctions were not warranted because Defendants knew that Plaintiff intended to amend the complaint weeks before Defendants filed their Motion for Sanctions. (Doc. 38 at 2) Plaintiff further argued that he inadvertently included irrelevant language from another lawsuit in his complaint, but the mistake was not a basis for Rule 11 sanctions. (Doc. 38 at 4)

On May 21, 2019, this Court denied Plaintiff's Motion to Amend the Complaint for failure to follow Local Rule of Civil Procedure 15.1. (Doc. 42) However, the Court's Order stated that Plaintiff could file a revised motion for leave to amend the complaint by May 28, 2019. (Doc. 42 at 2) Plaintiff timely filed a Second Motion to Amend the Complaint. (Doc. 43) On July 22, 2019, the Court found good cause to grant Plaintiff leave to amend his complaint pursuant to FRCP 16(b)(4).[1] (Doc. 54 at 2) In the same Order, the Court denied Defendants' Motion to Dismiss as moot without prejudice. (Doc. 54 at 3) The same day, Plaintiff filed the First Amended Complaint. (Doc. 55)

**II.   Analysis**

**A.   Standard for Imposing Sanctions Under Rule 11**

Courts may impose sanctions when a filing is frivolous, legally unreasonable, without factual foundation, or is brought for an improper purpose. *See* Fed. R. Civ. P. 11(b)-(c). However, courts must "exercise extreme caution" when imposing Rule 11 sanctions and should only order sanctions in rare and exceptional circumstances. *Larez v.*

---

[1] Although FRCP 15(a) sets a liberal amendment policy, FRCP 16 applied to Plaintiff's Second Motion to Amend the Complaint because the Court's case management amendment deadline had passed. (Doc. 19 at 1) *See* Fed. R. Civ. P. 15(a)(2); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (stating that a party seeking to amend a complaint after the date specified in the scheduling order has passed must satisfy the requirements of FRCP 16).

*Holcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994). Courts are required to balance competing interests when deciding to impose Rule 11 sanctions, namely "the desire to avoid abusive use of the judicial process and to avoid chilling zealous advocacy." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159-60 (9th Cir. 1987) (citation omitted).

### B.  The Complaint

Defendants contend that sanctions are warranted because Plaintiff made no effort to ensure that the allegations made in the complaint were based on facts as applied to Plaintiff's specific circumstances, and he instead plagiarized portions of a complaint filed against Defendants in a different civil action. (Doc. 25 at 6-7) In response, Plaintiff asserts that sanctions are not warranted because his inclusion of irrelevant allegations in the original complaint was unintentional. Plaintiff further asserts that Defendants were made aware of his intent to amend the inapplicable language on January 22, 2019, which was over a month before Defendants filed their Motion for Sanctions. (Doc. 38 at 2)

When a complaint is the focus of Rule 11 proceedings, a district court must find that 1) the complaint is legally or factually baseless from an objective perspective, and 2) the attorney has not conducted a reasonable and competent inquiry before signing and filing the complaint. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citing *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).

### 1.  Legal or Factual Basis for Filing the Complaint

In their Motion for Sanctions, Defendants cite to eight paragraphs of Plaintiff's original complaint as being copied verbatim from the complaint in *Unknown Party v. ABOR et al.*, Case No. 2:18-cv-01623-DWL (the "*John Doe* Complaint"). (Doc. 25 at 5-7) However, Defendants only argue that two of the eight paragraphs have no basis in fact. (Doc. 25 at 5-7)

When Defendants filed their Motion for Sanctions on March 6, 2019, Plaintiff had not amended his original complaint. After the issue was brought to Plaintiff's attention, he acknowledged that he had inadvertently included inapplicable allegations against Defendants, and he motioned this Court for leave to amend the complaint. (Docs. 17, 20,

38) This Court granted Plaintiff's Second Motion to Amend the Complaint, (Doc. 54) and Plaintiff filed the First Amended Complaint on July 22, 2019. (Doc. 55)

It is well-established that an amended pleading supersedes the original pleading. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citation omitted). Therefore, moving forward, this case will be dictated by the First Amended Complaint or any subsequent amended complaint as accepted by this Court. In the First Amended Complaint, it is clear Plaintiff removed the inapplicable allegations cited by Defendants. (Doc. 55) Therefore, this Court finds that Plaintiff's complaint is not factually or legally baseless.

### 2.     Adequate Factual Investigation Before Filing the Complaint

An attorney has a "nondelegable responsibility" to conduct a reasonable factual investigation and validate the truth of the papers filed to this Court. *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 126 (1989). However, "even in the face of a blatant Rule 11 violation, a district court retains discretion to decide how to sanction the party[,] or . . . a court can excuse an attorney's negligence, mistake, or plain-old incompetence." *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 666 (11th Cir. 2010). "The reasonableness of the inquiry turns on the totality of the circumstances." *Id.* at 665.

Here, paragraph twenty of the original complaint is clearly inapplicable to any issues arising out of conduct between Plaintiff and Defendants. (Doc. 1-3 at 7) Plaintiff concedes this fact. (Doc. 38 4-5) However, in the July 22, 2019 Order granting Plaintiff's Second Motion to Amend the Complaint, this Court found that Plaintiff was diligent in seeking to cure the deficiencies in his complaint and therefore good cause existed to grant Plaintiff leave to amend the complaint. (Doc. 54 at 2) Plaintiff then removed the inapplicable language. (Doc. 55) Defendants do not contend that any factually baseless claims appear in the First Amended Complaint. Therefore, this Court finds that the totality of the circumstances does not warrant sanctions for the mistakes made in Plaintiff's original complaint.

Although this Court does not condone the questionable practice of copying language

verbatim from another civil action, the Court does not find that, in this instance, Plaintiff's conduct gives rise to sanctionable behavior. *See Krieger v. Summit Mortg. Corp.*, No. 12-2522, 2013 WL 1139536, at *3 (D. Minn. March 1, 2013) (denying a defendant's request for sanctions under Rule 11 even after finding that the plaintiff copied "huge swaths" of language from another civil action); *cf. A.L. v. Chicago Pub. Sch. Dist. No. 299*, No. 10-C-494, 2012 WL 3028337, at *6 (N.D. Ill. July 24, 2012) (reducing a plaintiff's attorneys' fees request by ninety percent because plaintiff's counsel submitted briefing to the court that copied more than half of a judicial opinion without proper attribution).

### C. Plaintiff's Response to Defendants' Motion to Dismiss

Defendants assert that Plaintiff made misleading statements in his response to Defendants' Motion to Dismiss about the parties' attempt to meet and confer in December of 2018. (Doc. 25 at 9) Plaintiff does not offer an argument in response.

Both Plaintiff and Defendants submitted briefing to this Court explaining their respective positions on what happened during their attempt to meet and confer. (Docs. 7, 11) After considering the arguments, this Court denied Defendants' Motion to Dismiss without prejudice. (Doc. 54) It is not this Court's practice to chill "zealous advocacy." *Hudson*, 836 F.2d at 1159-60. Therefore, this Court finds that Plaintiff's response to Defendants' Motion to Dismiss does not warrant sanctions.

### III. Conclusion

Defendants fail to demonstrate that the circumstances in this case demand the extraordinary relief of sanctions under Rule 11.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Sanctions (Doc. 25) is **denied**.

Dated this 17th day of September, 2019.

Honorable Steven P. Logan
United States District Judge