WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew F. Green,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Arizona Board of Regents, et al.,<br><br>　　　　　Defendants. | No. CV-18-04665-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants'[1] Motion to Dismiss (the "Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 68) For the following reasons, the Motion will be granted.

**I.　Background**

In the spring of 2017, Plaintiff was a graduate student at Arizona State University ("ASU"). (Doc. 66 at 2) On March 31, 2017, Plaintiff met a female ASU student at a bar. (Doc. 66 at 2) He drank alcohol with her, and the pair left to go to her apartment. (Doc. 66 at 2) While in her bedroom, the two removed their clothes and got on the bed. (Doc. 66 at 3) Plaintiff maintains that no sexual intercourse occurred because the woman told Plaintiff to "stop." (Doc. 66 at 3) The woman became upset and began "hitting and biting" Plaintiff, so he left. (Doc. 66 at 3)

---

[1]　Defendants include: Arizona Board of Regents ("ABOR"); James Rund; Craig Allen; Melissa Samuelson; Michael Mader; Kendra Hunter; Nicole Taylor.

The woman then called the ASU Police and reported that the two had engaged in nonconsensual sexual intercourse. (Doc. 66 at 3) She went to the police station on April 1, 2017 to give a statement and undergo a sexual assault forensic exam. (Doc. 66 at 3) The same day, the ASU Police contacted the ASU Student Rights and Responsibilities Office. (Doc. 66 at 3) The forensic exam gave no indication that any sexual intercourse had occurred. (Doc. 66 at 3) After further investigation, the ASU Police determined that the woman's claims were not credible and declined to charge Plaintiff with a crime. (Doc. 66 at 3)

On May 12, 2017, The Student Rights and Responsibilities Office placed Plaintiff on an administrative hold and barred him from campus while it investigated the woman's claims. (Doc. 66 at 4) On July 31, 2017, the investigation concluded. ASU's Dean of Students, Defendant Taylor, found that Plaintiff violated ASU's Student Code of Conduct and should be expelled. (Doc. 66 at 4-5) Plaintiff appealed the decision, and an evidentiary hearing was held before ASU's University Hearing Board ("UHB") on November 17, 2017. (Doc. 66 at 5) Plaintiff was represented by counsel at the hearing. (Doc. 66 at 30) The UHB found that it was "more likely than not" that Plaintiff violated the Student Code of Conduct because the woman had consumed significant amounts of alcohol (making her unable to give informed consent) and because Plaintiff conceded that sexual touching had occurred. (Doc. 66 at 6) However, the UHB determined that the expulsion was "too severe." (Doc. 66 at 6)

On December 13, 2017, after considering the UHB's findings, Defendant Rund, ASU's Senior Vice President of Educational Outreach and Student Services, upheld the prior decision to expel Plaintiff. (Doc. 66 at 6) Plaintiff did not pursue an appeal of Defendant Rund's decision.[2] Instead, on October 22, 2018, Plaintiff filed a complaint in the Maricopa County Superior Court, alleging federal claims under 42 U.S.C. § 1983 ("§

---

[2] In the Motion, Defendants assert that Plaintiff initially appealed his expulsion to the Arizona Court of Appeals in April of 2018. (Doc. 68 at 2) However, Defendants assert that Plaintiff failed to pay the required filing fee and the appeal was deemed abandoned. (Doc. 68 at 2) Plaintiff does not dispute Defendants' assertion.

2

1983") and 20 U.S.C. § 1681 ("Title IX"). (Doc. 66 at 34-51) Plaintiff alleges that the ASU investigation and UHB evidentiary hearing violated his constitutional right to due process because he was denied access to exculpatory evidence, limited in his ability to ask questions at the hearing, and not given clarity on terms defined in the Student Code of Conduct. (Doc. 66 at 34-42) Plaintiff further alleges that the University engaged in unfair gender bias by believing the statements of the woman and ignoring all of the evidence supporting his case. (Doc. 66 at 43-51) Plaintiff also alleges state law claims for breach of contract, gross negligence, defamation, false light, and intentional infliction of emotional distress. (Doc. 66 at 51-60)

Defendants removed the case to this Court on December 13, 2018. (Doc. 1) Subsequently, Plaintiff made two amendments to his complaint. (Docs. 55, 66) On September 30, 2019, Defendants filed the Motion pursuant to Rule 12(b)(6). (Doc. 68) The Motion is fully briefed and ready for review. (Docs. 68, 73, 77)

**II.     Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a dismissal under Rule 12(b)(6) is appropriate when there is: (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Under Rule 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A court may consider a document substantially referenced in a complaint without converting the motion to one for summary judgment when the document's authenticity is not in question and there are no disputed issues as to the document's relevance. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

## III. Discussion

### A. Federal Claims[3]

Defendants argue that Plaintiff's claims are barred by administrative res judicata. (Doc. 68 at 3) Defendants assert that the expulsion was a final administrative decision that Plaintiff was required to appeal. (Doc. 68 at 4) Citing *Quade v. ABOR*, 700 F.App'x 623 (9th Cir. 2017), Defendants assert that Plaintiff's failure to file an appeal bars each of his claims addressing: "1) whether Plaintiff actually engaged in the misconduct of which he was accused; 2) whether Plaintiff's constitutional rights, including his right to due process, were violated; and 3) whether there was bias or prejudice." (Doc. 68 at 4) In response, Plaintiff argues that his § 1983 and Title IX claims are not barred because he did not receive proper due process at the UHB hearing. (Doc. 73 at 5) Plaintiff further asserts that the facts in *Quade* are distinguishable from this case. (Doc. 73 at 4)

A party's failure to appeal a final administrative decision makes the decision final for purposes of collateral estoppel and res judicata "[w]hen a state agency acts in a judicial capacity to resolve disputed issues of fact and law properly before it, and [] the parties have had an adequate opportunity to litigate those issues." *Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999). "This principle applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal." *Id.* "If an adequate opportunity for review is available, a losing party cannot obstruct the preclusive use of the state administrative decision simply by foregoing the right to appeal." *Eilrich v. Remas*, 839 F.2d 630, 632 (9th Cir. 1988) (internal quotations and citation omitted).

In *Quade*, the district court dismissed plaintiff's § 1983 and Title IX claims arising from an ASU sexual misconduct student disciplinary hearing after finding that the claims were barred by administrative res judicata. *Quade v. ABOR,* No. CV-15-00610-PHX-JJT,

---

[3] Because the Court finds that one argument raised by Defendants is dispositive, the Court does not address the other arguments raised in the Motion. *See Giddings v. Vision House Prod., Inc.*, 584 F.Supp.2d 1222, 1225 (D. Ariz. 2008).

2015 WL 10939902, at *6 (D. Ariz. Sept. 14, 2015). The Ninth Circuit affirmed the decision after determining that the UHB had acted in a judicial capacity and that the plaintiff had an adequate opportunity to litigate the disputed issues of fact. *Quade*, 700 F.App'x at 625. The Ninth Circuit further determined that the plaintiff's claims were barred because he "took no steps to have the [] decision corrected through the university's rehearing process or in state court." *Id.* at 626.

Similar facts are present here. Plaintiff's § 1983 and Title IX claims allege constitutional violations and unfair gender bias arising from an ASU investigation and UHB student disciplinary proceeding regarding alleged sexual misconduct. (Doc. 66 at 34-51) The Court finds that Plaintiff's failure to appeal the December 13, 2017 expulsion renders the administrative decision final. Although Plaintiff alleges that the UHB hearing violated his due process rights, the Second Amended Complaint states that Plaintiff had an opportunity to present evidence on his behalf and ask questions at the hearing. (Doc. 66 at 5, 30-31) It remains that Plaintiff had an opportunity to file an appeal to address any perceived prejudice or constitutional errors arising from the hearing and chose not to pursue the appeal. *See* A.R.S. § 12-904. Plaintiff's assertion that his only remedy was to file a separate lawsuit to resolve his constitutional claims is unavailing. *See Olson*, 188 F.3d at 1086 (Administrative res judicata "applies even to alleged constitutional errors that might have been corrected on proper application to the court which has jurisdiction of the appeal."). Therefore, Plaintiff's § 1983 and Title IX claims will be dismissed with prejudice.

      B.      State Law Claims[4]

           1.      Jurisdiction

"The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (internal

---

[4] The parties previously stipulated to dismiss Count VI (Intentional Infliction of Emotional Distress) and Count VIII (Injunctive Relief). (Docs. 70, 72)

quotations and citation omitted). The discretion to decline to exercise supplemental jurisdiction is informed by the values of "economy, convenience, fairness, and comity." *Id.* Usually, when all federal-law claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). However, dismissal of the remaining state law claims is not mandatory. *Id.*

Here, the Court finds that judicial economy, convenience, fairness, and comity are best served by retaining jurisdiction over the state law claims. As discussed below, procedural deficiencies in the case are fatal to Plaintiff's state law claims, and the state court is in no better position to decide the issue than this Court. Remanding the case to state court would only cause additional expense to both Plaintiff and Defendants.

    2.    Notice of Claim

Defendants contend that Plaintiff failed to timely file a notice of claim within the one-hundred-eighty ("180") day limit as required by Arizona Revised Statute § 12-821.01. (Doc. 68 at 11) Therefore, Defendants argue that Plaintiff's state law claims are barred. (Doc. 68 at 11) Arizona's notice of claim statute requires a person with a claim against a public entity to file the claim with a person authorized to accept service for the entity within 180 days after the cause of action accrues. A.R.S. § 12-821.01(A). The cause of action accrues when a plaintiff knows or should have known that he or she is damaged and the event that caused the damage. A.R.S. § 12-821.01(B). If a party fails to comply with all the requirements of the statute, the party's claim is barred. A.R.S. § 12-821.01(A); *Slaughter v. Maricopa Cty.*, 258 P.3d 141, 143 (Ariz. Ct. App. 2011). "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements." *Falcon ex rel. Sandoval v. Maricopa Cty.*, 144 P.3d 1254, 1256 (Ariz. 2006).

Defendants assert that Plaintiff's state law claims accrued at the latest on December 13, 2017, when Defendant Rund upheld Plaintiff's expulsion. (Docs. 66 at 6; 68 at 12) Defendants further assert that Plaintiff filed the notice of claim on June 13, 2018, which

was 182 days after the decision. (Docs. 68 at 12; 68-1 at 1) Plaintiff does not address this argument in his response to the Motion. Instead, Plaintiff argues that his notice of claim included sufficient facts to put Defendants on notice of each claim. (Doc. 73 at 10) In the Second Amended Complaint, Plaintiff alleges that a timely notice of claim was made against the Defendants. (Doc. 66 at 7)

Failure to respond to an argument set forth in a motion to dismiss constitutes waiver of the issue by the party opposing the motion and is an adequate basis for granting the motion to dismiss. *Medrano v. Carrington Foreclosure Servs. LLC*, No. CV-19-04988-PHX-DWL, 2019 WL 6219337, at *6 (D. Ariz. Nov. 21, 2019); *see also Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) ("[W]hen a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *accord Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding the plaintiff abandoned claims by not raising them in opposition to motion for summary judgment). Plaintiff does not dispute the authenticity of the notice of claim attached to the Motion, which confirms that the notice of claim was sent to Defendant ABOR on June 12, 2018 (181 days after Plaintiff's expulsion) and received by ABOR on June 13, 2018 (182 days after Plaintiff's expulsion). (Doc. 68-1 at 2) The Court finds that Plaintiff's failure to address the timeliness of his notice of claim is grounds to dismiss the state law claims against Defendant ABOR. *Falcon ex rel. Sandoval*, 144 P.3d at 1256 ("If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute."); *see also Lee v. State*, 182 P.3d 1169, 1173 (Ariz. 2008) (holding that, when a defendant denies the statutory sufficiency of a notice of claim, a question of fact regarding the sufficiency arises only where a plaintiff affirmatively presents proof of proper service—including that the notice was timely sent and correctly addressed).

Likewise, the Court finds that Plaintiff's failure to address the timeliness of his notice of claim is grounds to dismiss the state law claims against Defendants Rund, Allen,

Samuelson, Mader, Hunter, and Taylor. In Arizona, a timely notice of claim must be served on a public employee separate from the employer when the employee's alleged liability arises from actions within the scope of his or her employment. A.R.S. § 12-821.01(A); *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007); *DeBinder v. Albertson's Inc.*, No. CV 06-1804-PCT-PGR, 2008 WL 828789, at *3 (D. Ariz. Mar. 26, 2008) ("[I]t is clear that [Arizona] law requires that service be made on public employees, in addition to the entities that employ them, as a prerequisite to any lawsuit against such employees."). In the Second Amended Complaint, Plaintiff alleges that each individual Defendant acted within the scope of their employment at all times relevant to the events at issue. (Doc. 66 at 8-9) Therefore, the Court finds that service of a timely notice of claim was required for each individual Defendant and the failure to address the timely service bars Plaintiff's claims.[5] Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 68) is **granted**. Plaintiff's Second Amended Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter final judgment and terminate this case.

Dated this 15th day of May, 2020.

Honorable Steven P. Logan
United States District Judge

---

[5]   In addition to Plaintiff's failure to address the timeliness of his notice of claim, Plaintiff does not establish—and the record does not reflect—that each individual Defendant was ever served the notice of claim. (Doc. 68-1) Plaintiff does not dispute the authenticity of the notice of claim attached to the Motion which shows that the notice of claim was received only by Defendant ABOR. (Doc. 68-1)